UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR ATTISHA,

        Petitioner,                      Case No. 2:22-CV-11653
                                                    Hon. George Caram Steeh

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

    Victor Attisha, ("Petitioner"), currently serving a sentence of home confinement through the Bureau of Prisons (BOP), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the BOP's refusal to grant him 1154 days of sentencing credits against his federal sentence for Conspiracy to Manufacture, Possess with Intent to Distribute, and Distribute Marijuana, which was imposed by this Court. Petitioner argues that he is entitled to these sentencing credits pursuant to the First Step Act of 2018.

    Respondent filed a motion to dismiss the petition, citing petitioner's failure to exhaust his administrative remedies.

- 1 -

For the reasons that follow, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily dismissed without prejudice.

## I.  Discussion

Petitioner failed to exhaust his administrative remedies prior to filing his habeas petition. The petition is dismissed without prejudice.

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).  The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F.3d at 466.

The Bureau of Prisons maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10.  Pursuant to this administrative procedure, a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General

Counsel for relief. *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994)(citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Petitioner failed to rebut the respondent's argument that he did not exhaust his administrative remedies prior to filing his habeas petition. Instead, petitioner argues that he should be excused from exhaustion because he is no longer incarcerated but is under home confinement. (ECF No. 1, PageID.3).

This Court cannot accept petitioner's argument.  28 C.F.R. § 542.10 states that the administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement." Petitioner's home confinement was being supervised by the Detroit Residential Reentry Management field office at the time he filed this petition. He thus falls under the second category—as an inmate designated to a contract Community Corrections Center under the Bureau of Prisons' responsibility. The exhaustion requirement applies to former inmates like petitioner who are being supervised by a residential reentry center, with the sole exception that the petitioner is not required to attempt an informal resolution of the issue before seeking formal review of his claim with the

BOP. *Lallave v. Martinez*, ---- F. Supp. 3d-----; No. 22-CV-4136 (NGG), 2022 WL 7578794, at *4 (E.D.N.Y. Oct. 13, 2022). Even if petitioner is no longer incarcerated, this does not relieve him of the requirement to exhaust his administrative remedies because the administrative remedy program applies to former prisoners like petitioner for issues which arose during their confinement. *Covell v. Scibana*, 21 F. App'x 291, 293 (6th Cir. 2001)(citing 28 C.F.R. § 542.10).

There is a futility exception to the exhaustion requirement, *See Fazzini,* 473 F.3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)); petitioner failed to show that it would be futile to exhaust his claim. Petitioner is unable to invoke the futility exception to the exhaustion rule in the absence of an attempt by him to exhaust his administrative remedies. *Cf. Dillon v. Hutchinson*, 82 F. App'x 459, 462 (6th Cir. 2003)(habeas petitioner's failure to exhaust his state court remedies before seeking habeas relief from his state conviction under 28 U.S.C. § 2254 disqualified him from being able to invoke the futility exception to the exhaustion rule).

Petitioner failed to exhaust his available administrative remedies; his petition shall be dismissed. *See e.g. Gates-Bey v. U.S. Parole Com'n,* 9 F. App'x 308, 310 (6th Cir. 2001).

- 4 -

## III.  ORDER

Accordingly, **IT IS ORDERED** that:

(1) The Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

(2) A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

(3) Petitioner is **GRANTED** leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT COURT JUDGE

Dated:  December 13, 2022

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 13, 2022, by electronic and/or ordinary mail and also on Victor Attisha #76323-198, 3966 Atlanta Hwy. #321, Montgomery, AL 36109.

s/Brianna Sauve
Deputy Clerk